**FAIAOGA PAGOFIE, SIAOSI MASE, TAEAOLELEI AVA TIALAVEA, and PUNEFU LEVALE PAGOFIE, Plaintiffs,**

**v.**

**FOLOLE MATAGI, LUFILUFI PENEUTA, FOMA`I PAEPULE, and TREVOR TUIOLOSEGA, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 11-97

September 18, 1997

Before: KRUSE, Chief Justice, AFUOLA, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiffs, Afoa L.S. Lutu
For Defendants, Charles V. Ala`ilima

227

## ORDER ON PLAINTIFF'S MOTION
## FOR PRELIMINARY INJUNCTION

Plaintiffs seek injunctive relief to enjoin the defendants from continuing the construction of a certain structure. Plaintiffs are members of the Pagofie and Ava families (the "family") attached to the village of Pava`ia`i; they claim that defendants' branch of the family stem from a customary adoption; and that, therefore, defendants as non-blood members have no rights to family land in Pava`ia`i known as *Alefu*. According to plaintiffs, defendants have unlawfully asserted *pule* over *Alefu* by causing a structure to be built thereon in the absence of senior matai.

## Facts

The facts are that the family are presently without senior matai; both the Pagofie and Ava titles are vacant. The offending structure was built following the issuance of a building permit to defendant Folole Matagi ("Folole") for a 20' x 20' structure to be built on *Alefu*. The permit application as presented to the authorities was signed by defendants Foma`i Paepule ("Paepule") and Trevor Tuiolosega ("Tuiolosega"), holding themselves out as lesser matai of the Ava/Pagofie families. However, neither title claimed by these defendants has been sanctioned by the family, nor registered in accordance with the requirements of A.S.C.A. § 1.0401-0414. Defendants Paepule and Tuiolosega are not matai of the family, they are pretenders;[1] and the building permit obtained at their behest was therefore secured by ruse.

The structure in question, while in Folole's name, is being built for a relative of Folole's named Selema who is a stranger to the family. The latter is neither connected by blood nor adoption to the family.

---

[1] Paepule singularly conferred himself a matai title, using the name of another tract of family land as his matai name, and then presented himself before the village council. On this basis, and quite apart from the unlawful nature of his claim, Paepule regards himself a lesser matai of the family.

Paepule similarly presented Tuiolosega to the village council, again by-passing the family, with a matai title attached to the village of Asau, Savai`i, Western Samoa. On this equally remarkable basis, Tuiolesega holds himself out as a lesser matai of the Ava/Pagofie families attached to the village of Pava`ia`i, Tutuila, American Samoa.

## Discussion

■ In these matters, we are guided by A.S.C.A. § 43.1401(j), which sets out the requirement of "sufficient grounds" for the issuance of a preliminary injunction; these are:

> (1) there is a substantial likelihood that the applicant will prevail at trial on the merits and that a permanent injunction will be issued against the opposing party; and
> (2) great or irreparable injury will result to the applicant before a full and final trial can be fairly held on whether a permanent injunction should issue.

■ Laying aside the issue of "blood" and "non-blood" family members, the defendants alone do not constitute the family. The building of the structure complained of is, in our view, tantamount to an unlawful assertion of *pule* by the defendants, as well as an unauthorized assignment of family land. There is no basis in either law or custom giving the defendants the right to unilaterally deal with the family's communal land to the exclusion of plaintiffs. Furthermore, the fact that the intended structure is for a non-family member, only aggravates the matter.

■ We conclude that while plaintiffs are likely to prevail at trial on the first criteria, we are not persuaded that plaintiffs have sufficiently shown irreparable injury if continuing construction is not enjoined at this stage of the proceedings. The structure is not a significant encumbrance, it is comparatively small and is built on stilts. It may therefore be relocated with ease, if need be, without any serious damage to the land. At the same time the structure is substantially complete structurally. Under these circumstances, the equities weigh against the exposure of a nearly complete structure to the ravages of the elements pending final disposition hereof.

■ On the other hand, we are satisfied that there is another sort of growing irreparable injury demonstrated on the evidence which, in the absence of senior matai, present a real and continuing threat to family peace and harmony. This threat to family unity stems from the defendants' demonstrated proclivity for unilateral assertion of control over family realty. *See Ava v. Logoai*, 22 A.S.R.2d 65 (Land & Titles Div. 1992) (Defendants' registration of family land as their "individually" owned land to the exclusion of the rest of the family was invalidated). Indeed, the defendants' concerted acts prompting this case is but another instance of such a family threat. Such actions should be enjoined in the interests of stemming the deterioration of continuing family peace and harmony.

229

## Order

 Under A.S.C.A. § 43.0304, the court is granted wide latitude in fashioning interim orders. On the foregoing, the following order will issue:

1. Application to enjoin continuing construction is denied.

2. Pending further order of court or sooner appointment of senior matai, the defendants, their attorneys, agents, employees, and all those in active concert with them are enjoined from taking any further action tantamount to the exercise of the *pule* reserved to the senior matai over land *Alefu*, unless such action is authorized by the family.

It is so Ordered.